IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–52–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JUSTIN ROSS IVINS, | |
| Defendant. | |

Before the Court is the Defendant Justin Ross Ivins' Unopposed Motion for Early Termination of Probation. (Doc. 47.) Mr. Ivins requests that this Court prematurely terminate the remaining portion of probationary term. (*See generally* Doc. 48.) Neither the United States Attorneys Office or the United States Probation Office oppose this request. (Docs. 47 at 1; 48 at 12.) For the reasons stated herein, the Court will grant the motion.

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the length of Mr. Ivins' probation. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Ivins waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Mr. Ivins' probation is obviously favorable to him and, as noted above, the United States does not object. Accordingly, the Court will dispose of this matter without a hearing.

>an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

The relevant § 3553(a) factors generally include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (construing the factors applicable to the early termination of supervised release). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context. *See United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014) (applying this standard to early termination of supervised release motions).

Mr. Ivins pled guilty to one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8) and on April 19, 2019 was sentenced to 3 years probation. (Doc. 39 at 1–2.) This means Mr. Ivins had served at least one year of his probationary term, rendering him statutorily eligible for termination under 18 U.S.C. § 3564(c). Upon considering the relevant factors, the Court finds they support terminating the remaining portion of Mr. Ivins probationary sentence. The letters filed by Mr. Ivins (Doc. 49) only bolster this conclusion. While

Mr. Ivins underlying conviction is undoubtedly serious, his actions since beginning his probationary term demonstrate that no additional expenditure of resources on his behalf is necessary.  The Court wishes Mr. Ivins the best of luck.

Accordingly, IT IS ORDERED the motion (Doc. 47) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3564(c), Mr. Ivins remaining term of probation is TERMINATED.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 2nd day of November, 2021.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court